**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ronald Garrison; Beverly Garrison, | ) | No. CV-11-1392-PHX-FJM |
| Plaintiffs, | ) | **ORDER** |
| vs. | ) | |
| CitiMortgage Inc., | ) | |
| Defendant. | ) | |

The court has before it defendant CitiMortgage, Inc.'s (the "Bank") motion to dismiss (doc. 9), plaintiff's response (doc. 11), the Bank's reply (doc. 12), and the plaintiffs' "reply" (doc. 13), which is not authorized by the federal or local rules of civil procedure.

Plaintiffs executed a promissory note in the original principal amount of $545,000 in favor of lender ABN AMRO Mortgage Group, Inc. As security for the note, plaintiffs executed a deed of trust, which encumbers property located in Desert Hills, Arizona. The deed of trust allows for a sale of the note and interest in the deed of trust without notice to plaintiffs. Compl., ex. D, ¶ 20. On September 25, 2006, ABN assigned "all beneficial interest in and title to said Deed of Trust, together with the note" to CitiMortgage. Motion,

ex. B.[1]  The assignment was recorded on October 19, 2006, in the Office of the Maricopa County Recorder.

Plaintiffs filed this complaint asserting three claims for relief: fraudulent misrepresentation, unjust enrichment, and quiet title. The Bank now moves to dismiss the complaint (doc. 9).

Plaintiffs do not allege any details of fraudulent misrepresentation by the Bank. Instead, they simply assert that the Bank "knowingly and intentionally concealed material information from Plaintiff's [sic], which are required by Federal Statutes and Regulations to be disclosed to the Plaintiff's [sic]." Complaint ¶ 44. Rule 9(b), Fed. R. Civ. P., requires a plaintiff to plead fraud with particularity, including "the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004). Because plaintiffs do not allege any detail to support a claim for fraudulent misrepresentation, the Bank's motion to dismiss this claim is granted.

The Bank also moves to dismiss the claim for unjust enrichment. In order to establish unjust enrichment, a plaintiff must show (1) an enrichment, (2) an impoverishment, (3) a connection between the two, (4) the absence of a justification, and (5) the absence of a remedy at law. Freeman v. Sorchych, 226 Ariz. 242, 245 P.3d 927, 936 (Ct. App. 2011). Plaintiffs allege that the Bank has received undefined payments from third parties including the United States and Bank of America, but they do not allege any connection between the payments and any impoverishment they may have suffered. Moreover, because plaintiffs' claims are based on a contract, namely the deed of trust and note, they have a remedy at law. The claim for unjust enrichment is dismissed.

Finally, plaintiffs assert a claim for quiet title. However, a borrower cannot move to quiet title without first offering to repay the debt secured by the trust deed on the property.

---

[1]We take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. See Fed. R. Civ. P. 12(d); Mir v. Little Co., 844 F.2d 646, 649 ( 9th Cir. 1988).

Farrell v. West, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941). Because plaintiffs have neither paid nor tendered the balance due on the debt, quiet title is not an available remedy.

Plaintiffs' claims are premised on the legal theories challenging the legitimacy of the securitization process, the failure to record assignments of the deed of trust, which they argue invalidates the underlying note obligation, and other versions of the "show me the note" theory. These claims have been consistently rejected in this district. See, e.g., Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178, 1181 (D. Ariz. 2009) (collecting cases). The terms of plaintiffs' deed of trust expressly provide that the deed of trust and the note may be transferred without notice to the plaintiffs. Complaint, ex. D ¶ 20. Moreover, contrary to plaintiffs' arguments, the Arizona Uniform Commercial Code ("UCC") provisions regarding negotiable instruments do not apply to non-judicial foreclosures under deeds of trust. Diessner v. Mort. Elec. Reg. Sys., 618 F. Supp. 2d 1184, 1186 (D. Ariz. 2009). Plaintiffs' assertions fail to state a claim upon which relief can be granted.

Therefore, **IT IS ORDERED GRANTING** the Bank's motion to dismiss (doc. 9). Because no amendment could remedy the complaint's deficiencies, the motion to dismiss is granted with prejudice. The clerk shall enter final judgment.

DATED this 5th day of October, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge